FILED
GREAT...
2012 JUL 31 PM 3 59
PATRICK E. DUFFY, CLERK
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 10-38-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| ELWYN HAS THE EAGLE, SR., | |
| Defendant/Movant. | |

On May 29, 2012, Defendant/Movant Elwyn Has the Eagle, Sr. ("Has the Eagle"), a federal prisoner proceeding pro se, moved to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255.

On May 30, 2012, Has the Eagle was ordered to clarify one claim. He did so on June 19, 2012. On July 9, 2012, he moved to amend the § 2255 motion.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion

and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. Background

On March 17, 2010, a grand jury indicted Has the Eagle on one count of obstruction of justice, a violation of 18 U.S.C. § 1503 (Count 1), and two counts of witness tampering, both violations of 18 U.S.C. § 1512(b)(1) (Counts 2 and 3). The charges arose in connection with the federal prosecution of Has the Eagle's son, Elwyn Floyd Has the Eagle, Jr., who was accused and ultimately convicted of killing Calvin Snell and Doreen Manzanares.

Initially, Chief Federal Defender Anthony Gallagher was appointed to represent Has the Eagle. Order (doc. 5). He moved to withdraw due to a conflict of interest, and the motion was granted on April 12, 2010 (doc. 18). J. Mayo Ashley was appointed in Gallagher's stead, but Has the Eagle retained attorney Jeremy Yellin to represent him. Mot. (doc. 19); Order (doc. 21).

A jury found Has the Eagle guilty on all counts. Verdict (doc. 54).

Has the Eagle appealed. He challenged the voir dire proceedings and the sufficiency of the evidence as well as the reasonableness of his sentence. The Court of Appeals rejected his arguments and affirmed his conviction and sentence. Mem.

at 4, *United States v. Has the Eagle, Sr.*, No. 10-30355 (9th Cir. Oct. 26, 2011) (unpublished mem. disp.) (doc. 88).

Has the Eagle timely filed his § 2255 motion on May 29, 2012. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 532 (2003).

### III. Claims and Analysis

#### A. *Fowler v. United States*

Has the Eagle contends, first, that the United States Supreme Court's decision in *Fowler v. United States*, __ U.S. __, 131 S. Ct. 2045 (2011), "creates a newly recognized right that is cognizable on a § 2255 motion." Mot. § 2255 (doc. 90) at 4. He also asserts that counsel was ineffective because he failed to bring this case to the attention of the Court of Appeals. Mot. § 2255 at 5. Has the Eagle's motion to amend also addresses *Fowler*. Mot. to Am. (doc. 94) at 2.

The *Fowler* Court addressed "instances where a defendant killed a person with an intent to prevent that person from communicating with law enforcement officers in general but where the defendant did not have federal law enforcement officers (or any specific individuals) particularly in mind." *Fowler*, 131 S. Ct. at 2048. In Has the Eagle's case, the United States was required to prove that he "knowingly use[d] intimidation, threaten[ed], or corruptly persuade[d] another person . . . with intent to influence, delay, or prevent the testimony of any person in an official proceeding."

18 U.S.C. § 1512(b)(1). The United States also had to prove that the official proceeding was federal. *Id.* § 1515(a)(1). But, unlike the situation in *Fowler*, here it is clear that Has the Eagle had a federal proceeding in mind. He made the first telephone call to Kari Lamere after his son had been arrested and charged in federal court with two counts of murder. Trial Tr. (doc. 62) at 28:3-29:21, 56:8-18; *see also* Indictment (doc. 1), Return on Warrant (doc. 6), *United States v. Has the Eagle, Jr.*, No. CR 09-19-GF-SEH (D. Mont. Feb. 23, 2009).

*Fowler* does not establish Has the Eagle's innocence. Counsel was not ineffective for failing to raise an inapposite argument on direct appeal. The motion to amend is granted, but all claims relating to the *Fowler* decision are denied.

### B. Resolution of Objections to Presentence Report

Has the Eagle alleges that counsel was ineffective because he did not object to the Court's "not resolving the objected sections of the presentence investigation report on the record pursuant to Rule 32" of the Federal Rules of Criminal Procedure. Mot. § 2255 at 6-7. Has the Eagle's objections were resolved on the record at the sentencing hearing. Sentencing Mem. (doc. 67) at 2-5; Sentencing Tr. (doc. 86) at 4:3-13:18. This claim is denied.

### C. Terms of Plea Offer

Finally, Has the Eagle alleges that Gallagher did not communicate a plea offer

made by the United States and involving a three-year sentence. While Yellin communicated the offer to Has the Eagle, it is claimed he advised Has the Eagle to reject it because "he could beat the charges against him" due to the lack of "evidence of a threat to the witness against Has the Eagle Jr." Resp. to Order to Clarify (doc. 93) at 2 ¶¶ 1-3.

Gallagher represented Has the Eagle for thirteen days at the start of the proceedings. Has the Eagle states that the same plea offer was relayed to him through Yellin; therefore, it did not expire before Has the Eagle had the opportunity to consider it. Any alleged failure by Gallagher to relay the offer did not prejudice Has the Eagle. *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 1410 (2012). This part of Has the Eagle's claim regarding the plea offer is denied. By separate Order, an Answer is required on the portion of the claim alleging error by Yellin.

**ORDERED:**

1. Has the Eagle's motion to amend (doc. 94) is GRANTED.

2. All claims relating to *Fowler v. United States*, sentencing objections, and Anthony Gallagher's performance as trial counsel are DENIED. They will not be further addressed in this action.

<u>Has the Eagle must immediately notify the Court of any change in his mailing</u>

ORDER / PAGE 5

address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his motion without notice to him.

DATED this 31st day of July, 2012.

*Sam E. Haddon*
Sam E. Haddon
United States District Court