IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ELWYN HAS THE EAGLE, SR.,<br><br>Defendant/Movant. | Cause No. CR 10-38-GF-SEH<br><br><br>ORDER DENYING MOTION<br>FOR CERTIFICATE OF<br>APPEALABILITY |

On August 6, 2013, this Court adopted the Findings and Recommendation of United States Magistrate Judge Keith Strong regarding Defendant/Movant Has the Eagle's sole remaining claim for relief under 28 U.S.C. § 2255. On August 13, 2013, Has the Eagle moved for a certificate of appealability.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

1

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Has the Eagle seeks certification only on his last claim, which alleged that counsel did not provide competent advice about the prosecution's plea offer. As to that claim, Has the Eagle asserts that reasonable jurists could have found the facts differently, yet he fails to show that any of Judge Strong's findings were in error. Has the Eagle's claim was strong enough to require a hearing, but he failed to support it with evidence. His showing that he was denied a constitutional right had no substance to it. Consequently, a COA is not warranted.

On July 31, 2012, the Court denied Has the Eagle's other claims. Has the Eagle claimed that he was "actually innocent" in light of *Fowler v. United States*, ___ U.S. ___, 131 S. Ct. 2045 (2011). The case is inapposite because Has the Eagle clearly had a federal proceeding in mind. He made the first telephone call to Kari LaMere after his son was arrested and charged in federal court with two counts of murder. Order (doc. 95) at 3-4. This claim makes no showing of the denial of a constitutional right and does not warrant a COA.

Has the Eagle also contended that counsel was ineffective because he did not

object to the Court's failure to resolve his objections to the Presentence Report. But his objections were resolved on the record at sentencing. Order (doc. 95) at 4. A COA is not warranted on this claim.

Has the Eagle claimed that his first-appointed counsel, who represented him for only 13 days, failed to relay a plea offer to him. But Has the Eagle admits his second-appointed counsel presented the offer to him. Even assuming, for the sake of argument, that first counsel should have relayed the plea offer, the offer remained open when second counsel presented it. This claim makes no showing of the denial of a constitutional right and does not warrant a COA.

**ORDERED**:

Has the Eagle's motion for a certificate of appealability (doc. 115) is DENIED.

DATED this 14th day of August, 2013.

Sam E. Haddon
United States District Court

3